Dr. Joe F. SCHOOLER

v.

NAVARRO COUNTY MEMORIAL HOSPITAL et al.

Civ. A. 3–6200–B.

United States District Court,
N. D. Texas,
Dallas Division.

July 19, 1973.

Otto B. Mullinax, Dallas, Tex., for plaintiff.

L. W. Anderson, Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND JUDGMENT

HUGHES, District Judge.

Dr. Joe F. Schooler brought this suit against the Navarro County Memorial Hospital, its Administrator and Board of Managers claiming that the Board had violated the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution in denying him admission to the staff of the Navarro County Memorial Hospital.

At a pretrial hearing with both parties represented by counsel the Court ordered the Board to hold a full hearing upon Plaintiff's application, the hearing to conform to due process procedure.

Thereafter a date for a hearing was agreed upon and Dr. Schooler was furnished with a bill of particulars containing the charges of his alleged incompetence. Prior to the hearing numerous written interrogatories and oral depositions were taken bearing on the charges set out in the bill of particulars. Attorneys for both parties propounded written interrogatories and were present and interrogated the witnesses at the oral deposition hearings.

A hearing was held on April 13, 1973, with Dr. Schooler, the Members of the Board, the Administrator and attorneys for both parties present. All depositions and interrogatories were offered in evidence. Dr. Charles Brown, Chief of Staff of the Hospital and Dr. Joe F. Schooler, plaintiff, testified and were examined by both parties. The hearing continued for more than five hours, the

witnesses being fully examined by both attorneys.

On April 20, 1973, the Board at its regular monthly meeting denied the application of Dr. Schooler by a vote of four to zero, with one abstention.

■ The procedure as reflected by this record reflects that the hearing on April 13, 1973, before the Board of Navarro County Memorial Hospital on the admission of Dr. Joe F. Schooler to the staff of the Hospital conformed to due process.

The second question for this Court to decide is whether the Board's decision not to admit Dr. Schooler to the staff was based upon reasonable grounds related to the operation of the hospital.

The Court has examined the pleadings, the transcript before the Board including testimony, depositions, interrogatories and exhibits, and argument of counsel and finds that the evidence before the Board reflects the following:

1. Dr. Schooler failed to obtain credit for his residency at Parkland Hospital and Baylor University College of Medicine when he transferred to New York for his residency.

2. Dr. Schooler was denied staff privileges or reappointment of staff privileges in several hospitals including Harris Hospital, Fort Worth, Texas; John Peter Smith Hospital, Fort Worth, Texas; All Saints Hospital, Fort Worth, Texas; Milford Clinic, Milford, Texas; Tarrant County Hospital District, Arlington, Texas; Hubbard Hospital, Hubbard, Texas; Garland Clinic and Hospital, Garland, Texas.

3. On three occasions Dr. Schooler failed the test to become certified by the American Board of Orthopedic Surgery.

4. After a probationary period of three years, Dr. Schooler was denied membership in the Tarrant County Medical Society. The rejection of his application occurred after a hearing at a meeting of the entire membership. The members voted to sustain the action of the Board of Directors in rejecting his application. Rejection was based on complaints of overcharges, of inability to get along with other physicians and hospital personnel, and of exhibition of temper.

5. After five years on the provisional staff of Harris Hospital Dr. Schooler's application for admission to the permanent staff was rejected on account of complaints of overcharges and of his negative relationship with the staff and hospital personnel.

6. At Hubbard Hospital, Dr. Schooler's staff privileges were revoked after four months. He had numerous disagreements with his patients, the nurses and the Chief of Staff. This was caused by personality difficulties which prevented him from working with hospital personnel. His unstable mental condition, according to reports, was manifested by anger and impatience toward patients, doctors and nurses. The Chief of Staff reported his presence was disruptive.

■ It is the conclusion of the Court that the refusal of the Board of Navarro County Hospital to admit Dr. Joe F. Schooler to the hospital staff was based on matters reasonably related to his qualifications and the proper operation of the hospital and resulted from its concern for the standard of medical practice and the welfare of patients. There is substantial evidence to support the action taken by the Board.

The Court having found that the hearing before the Board was conducted with procedural due process and that its action was supported by substantial evidence.

It is therefore ordered, adjudged and decreed that the determination of the Board to deny staff privileges to Dr. Schooler be and is hereby affirmed.

Costs of transcript of hearing against Plaintiff with exception of depositions and interrogatories introduced in evidence, costs of these taxed against party incurring the expense.